I respectfully dissent from the majority's conclusion that the granting of summary judgment was inappropriate. Appellant did not claim that the event triggering discharge did not happen nor that other cases similar in import were treated differently. Appellant, in order to overcome the claim of a factual based event as non-pretextual, must set forth facts to establish that it is "more likely than not" that the employer's explanation is a pretext. "In order to make this type of rebuttal showing, the plaintiff may not rely simply upon his prima facie evidence but must, instead, introduce additional evidence * * *." Manzer, supra, at 1084. After an examination of the evidence presented in summary judgment, I find no additional evidence was presented. Therefore summary judgment was appropriate for the following reasons: 1. It was undisputed by appellant that approximately seven inches of hair belonging to a co-employee (a subordinate), was cut by him in an incident of horseplay. See, December 19, 1997 Transcript of the Unemployment Compensation Review Commission, Testimony of John Grasselli at 12-14; Scott Barnhart at 19; Minnie Rejonis at 26-28.
2. The employee whose hair was cut testified she believed appellant did the cutting to get even with her for confronting him about a promotion. Id. at 38.
3. No additional evidence was presented to establish it was more likely than not a pretextual firing.
4. It is clear from appellant's employment record that although his performance reviews indicated a need for improvement, appellant's manager believed appellant was aware of the problems and would address them. See, May 30, 1995 Memo from Scott McKeever to Stan Wallace, included in an Appendix filed by appellant on October 8, 1999, as Exhibit 5. 5. The single factor motivating the discharge was the hair cutting incident and its affect on other employees.
Upon review, I find pursuant to Dresher v. Burt (1996),75 Ohio St.3d 280, and Vahila, supra, appellant has failed to overcome the presentation of non-pretextual discharge with additional evidence separate and apart from the evidence presented in his prima facie case. The trial court did not err in granting summary judgment to appellee. I would deny Assignments of Error I, II, III, IV and V.
JUDGE SHEILA G. FARMER